20 A.3d 1184

Kathleen TOOEY, Executrix of the Estate of John
F. Tooey, Deceased, and Kathleen Tooey in
Her Own Right, Petitioner

v.

AK STEEL CORPORATION (Individually and as Successor in
Interest to Armco Steel Corporation); Crown Cork & Seal
Company, Inc. (Individually, as Successor to Mundet Cork
Company, and as Successor to Van Dorn Ironworks Company);
E.E. Zimmerman Company; Foseco, Inc.; George V. Hamilton,
Inc.; Hedman Mines, Ltd.; Insul Company, Inc.; I.U. North
America, Inc.; McCann Shields Paint Company; Oglebay Nor-
ton Company (Individually and on Behalf of its Ferro Engi-
neering Division); Tasco Insulations, Inc. (Individually and as
Successor–In–Interest to Asbestos Service Company); the Gage
Company (Formerly Pittsburgh Gage and Supply Co.); Theim
Corporation, and its Division Universal Refractories Corpora-
tion; and United States Steel Corporation, Respondents.

Supreme Court of Pennsylvania.

May 17, 2011.

## ORDER

PER CURIAM.

**AND NOW,** this 17th day of May 2011, the Petition for
Allowance of Appeal is **GRANTED.** The issues, as stated by
petitioner, are:

(1) Whether application of 77 P.S. § 411(2), the "disease
manifestation" provision of the Pennsylvania Workers'
Compensation Act ("Act"), in concert with 77 P.S. § 481,
the "exclusive remedy" provision of the Act, results in
an unconstitutional denial of the "reasonable compensa-
tion" mandate of Article III Section 18 of the Pennsylva-
nia Constitution, which underlies the historical *quid pro
quo* worker's compensation bargain, for a latent occupa-

tional disease that is invariably non-compensable under the Act?

(2) Whether it is a violation of the Open Courts and Remedies Clause of Article I Section II of the Pennsylvania Constitution and the Due Process and Equal Protection Clauses of the federal and state constitutions to foreclose a common-law remedy in exchange for providing a wholly emancipated "substitute remedy" in contravention of the "reasonable compensation" mandate of Article III Section 18 for an occupational disease which is invariably non-compensable under the Act?

(3) Whether the plain language of 77 P.S. § 411(2) defines an "injury" under the Act such that it excludes from its definition an occupational disease that first manifests more than 300 weeks after the last occupational exposure to the hazards of such disease, so that the exclusivity provision of 77 P.S. § 481 is not invoked?

Justice TODD did not participate in the consideration of decision of this matter.